**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4951**

UNITED STATES OF AMERICA,

        Plaintiff — Appellee,

    v.

ROBERT ANDAWAN BALDWIN,

        Defendant — Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  James A. Beaty, Jr., Chief District Judge.  (1:09-cr-00393-JAB-1)

Submitted:  June 30, 2011        Decided:  July 5, 2011

Before WILKINSON, DUNCAN, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Stacey D. Rubain, QUANDER & RUBAIN, P.A., Winston-Salem, North Carolina, for Appellant.  Graham Tod Green, Assistant United States Attorney, Winston-Salem, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert Andawan Baldwin pled guilty pursuant to a plea agreement to possession with intent to distribute cocaine base, 21 U.S.C. § 841(a)(1), (b)(1)(B) (2006), and possession of a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A)(i) (2006). Baldwin received the statutory minimum sentence of 120 months' imprisonment. On appeal, Baldwin's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that, in her opinion, there are no meritorious issues for appeal, but positing that Baldwin should receive a sentence reduction reflecting the reduction in the crack to powder cocaine ratio implemented by the Fair Sentencing Act of 2010 ("FSA"), Pub. L. No. 111-220, 124 Stat. 2372. Although informed of his right to do so, Baldwin has not filed a pro se supplemental brief. The Government has declined to file a response. We affirm.

In relevant part, the FSA increased the quantity of crack cocaine necessary to trigger the mandatory minimum sentences set forth in 21 U.S.C. § 841. This court has recently concluded that the FSA does not apply retroactively. See United States v. Bullard, ___ F.3d ___, ___, 2011 WL 1718894, at *9-*11 (4th Cir. May 6, 2011) (No. 09-5214). Because Baldwin was convicted and sentenced before the FSA took effect, he was properly sentenced under the version of § 841 then in effect.

2

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Baldwin's convictions and sentence. This court requires that counsel inform Baldwin, in writing, of the right to petition the Supreme Court of the United States for further review. If Baldwin requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Baldwin. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>